# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2026

Lyle W. Cayce
Clerk

No. 26-60081
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Jasper Buggs,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:25-CR-1-1

_____

Before Wiener, Stewart, and Richman, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Jasper Buggs appeals the 24-month sentence imposed after the revocation of his term of supervised release. He argues that the district court improperly considered the need to promote respect for the law and that his sentence is substantively unreasonable.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 26-60081

At the revocation hearing, the district court did not mention any need to promote respect for the law, and the record does not otherwise show that an impermissible factor was a dominant consideration in the court's sentencing decision. *See United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015). Accordingly, the district court did not commit any plain error in this regard. *See id.*; *United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020).

In challenging the substantive reasonableness of his sentence, Buggs contends that the district court failed to account for the mitigating factors surrounding his violations and that it gave too much weight to his criminal history. The record reflects that the district court considered Buggs's arguments in mitigation but found that the 24-month sentence was needed "to protect the public." Further, the district court was permitted to consider Buggs's history and characteristics. *See* 18 U.S.C. §§ 3583(e), 3553(a)(1). Buggs has not shown that the district court abused its discretion or imposed a plainly unreasonable sentence. *See Cano*, 981 F.3d at 425.

The judgment of the district court is AFFIRMED.